**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| SCALES EXPRESS, INC. and LINCOLN ) | |
| GENERAL INSURANCE COMPANY, ) | |
| ) | |
|       Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No.: 05-719-BH-B |
| ) | |
| ELBERT R. SMITH, JR., *et. al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on Defendant Zurich American Insurance Company's (hereinafter, "Zurich") Motion (Doc. 7) to Dismiss.  Zurich submits that this interpleader action is inappropriate and should be dismissed as to both Plaintiffs.[1]  Defendant Gerald A. Young has also filed a Motion (Doc. 46) to Dismiss and, due to the paucity of his pleading, the Court can only assume that it is asserts the same grounds as his co-defendant Zurich's motion.  Based upon the relevant pleadings submitted in this case, as well as those entered in the other case before this Court that deals with the same underlying tractor trailer accident, the Court finds that Defendants' Motions to Dismiss are **due to be GRANTED in Part and DENIED in Part.**

---

[1] Defendant Zurich's Motion is based primarily on a Response to a Motion to Stay co-defendant Smith plead in another case before this Court.  The case, 1:05-cv-331-BH-B, is a personal injury suit against the Interpleader Plaintiffs arising from the same tractor trailer accident underlying this matter and, seemingly, is the impetus for Lincoln General and Scales filing this complaint for interpleader.

**LEGAL ANALYSIS**

*Scales Express, Inc.*

This Court finds, consistent with the Supreme Court's holding in *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 533 (1967), that Lincoln General Insurance Company's (hereinafter, "Lincoln General") properly plead 28 U.S.C. §1335 statutory interpleader cannot be extended to cover its insured, the alleged tortfeasor.  Here, Scales Express, Inc. (hereinafter, "Scales") is the alleged tortfeasor in the underlying automobile accident.  Though Scales argues that the amount in controversy, the scope of the litigation and variety of defendants distinguish the instant action from that at issue in *Tashire*, the Court finds that none of these factors affect Scales's ability or inability to shield itself from potential liability by joining with its insurer in an interpleader action.  Currently there are twenty-one (21) potential claimants on the deposited fund and though the Smiths are the only ones before this Court, they are seeking compensatory *and* punitive damages.  It seems to the Court that there certainly is potential for the claims to exceed the amount of the fund, in which case Scales's assets and revenues may become accessible to any of the plaintiffs.  Therefore, the Court finds that the complaint for interpleader, to the extent that it is asserted by Scales, is **due to be and hereby DISMISSED**.  Defendants' Motions are **GRANTED in Part**.

*Lincoln General*

As to Lincoln General's assertion of a complaint for interpleader, the Court finds,  pursuant to 28 U.S.C. §1335, that Lincoln General has met the statutory requirements and such a complaint has been properly plead before this Court.  The Court does note, however, in response to Defendants' concerns, that this decision does not impact any duty to defend Lincoln General may have in regard to Scales.  Such a duty is established by Scales's policy and/or relationship with Lincoln General and may be handled between these two parties should a dispute arise. Therefore,

to the extent that it is brought by Lincoln General, the Court **hereby DENIES** Defendants' Motions to Dismiss the complaint for interpleader.

      **So ORDERED**, this 14th day of February, 2006.


                              _____s/ W. B. Hand_____
                              SENIOR DISTRICT JUDGE